## Harold H. Weigand, Appellant, v. Barry & Zecher Company et al.

Argued November 14, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*J. Andrew Frantz,* for appellant, cited: Quinn v. American International Ship Building Corporation et al., 77 Pa. Superior Ct. 306; Lente v. Luci, 275 Pa. 217; Chingola v. Penn Iron & Steel Co., 86 Pa. Superior Ct. 514.

*Benjamin C. Atlee,* for appellee, cited: Ogilvie's Estate, 291 Pa. 326; Hager v. Maryland Casualty Co., etc., 87 Pa. Superior Ct. 159.

PER CURIAM, December 13, 1928:

The appellant's claim was for the loss of the use of the index finger of his left hand, caused by an injury of the knuckle joint. The accident occurred December 31, 1926. It was not asserted that there was a physical loss of the finger. The Referee and the Compensation Board found that the appellant's finger was useless for practical purposes, but that under the compensation law as it existed at the time of the injury there was no provision for compensation for the permanent loss of the use of a thumb or finger. This conclusion was affirmed in an opinion filed by the court below holding that, at the time of the plaintiff's injury, there was no provision in the law for compensation for the loss of the use of a finger; that the Act of 1923, P. L. 49, makes provision for the loss of a first finger, and that the same statute provides compensation for the permanent loss of the use of a hand, arm, foot, leg or eye, as equivalent to the loss of such member, but that there was an omission in the statute to provide for the permanent loss of the use of a finger. The Act of April 13, 1927, P. L.

186, does provide for compensation for the permanent loss of the use of a finger; and this change indicates a change of legislative intent. Unfortunately for the claimant his injury was received before the law permitted compensation as he claims.

The judgment is affirmed.